The Honorable Don Sallee State Senator, First District R.R. 2 Troy, Kansas 66087
Dear Senator Sallee:
As chairman of the joint committee on administrative rules and regulations, you request our opinion regarding the status under the rule and regulation filing act of appraisal directives adopted by the director of property valuation pursuant to K.S.A. 79-505. Specifically, you inquire whether the directives issued by the director of property valuation are to be filed as regulations (pursuant to K.S.A. 77-415 etseq.) in order to have the force and effect of law.
The filing act, K.S.A. 77-415 et seq., defines "rule and regulation" as:
 "[A] standard, statement of policy or general order, including amendments or revocations thereof, of general application and having the effect of law, issued or adopted by a state agency to implement or interpret legislation enforced or administered by such state agency or to govern the organization or procedure of such state agency. Every rule and regulation adopted by a state agency to govern its enforcement or administration of legislation shall be adopted by the state agency and filed as a rule and regulation as provided in this act. The fact that a statement of policy or an interpretation of a statute is made in the decision of a case or in a state agency decision upon or disposition of a particular matter as applied to a specific set of facts does not render the same a rule and regulation within the meaning of the foregoing definition, nor shall it constitute specific adoption thereof by the state agency so as to be required to be filed." K.S.A. 1993 Supp. 77-415(4).
This office has previously interpreted the requirements of the definition:
 "Therefore, in order for a particular [policy statement] to be regarded as a `regulation' and thereby subject to the filing act, it must be determined if such [policy statement] is:
 "1. a standard, statement of policy or general order;
"2. of general application;
 "3. intended to have the force and effect of law; and
 "4. issued or adopted by a state agency either to implement or interpret legislation enforced or administered by such state agency or to govern the agency's organization or procedure.
 "The foregoing enumerates the criteria provided in K.S.A. 1981 Supp. 77-415(4) (as amended) to define `regulation.' From a review of these criteria, it is apparent that a determination of whether a particular document of a state agency is to be regarded as a `regulation' is a question of fact; it requires a comparison of such document with these criteria. It also is apparent that the denomination of the document by the agency or the statute authorizing its promulgation is not the significant consideration. Whether the document is styled as a policy manual or as a regulation is not determinative of its status under the filing act. It is to be regarded as a `regulation' under that act only if it satisfies the definitional criteria set forth above." Attorney General Opinion No. 82-119. See also Bruns v. State Board of Technical Professions, 255 Kan. 728 (1994); Attorney General Opinions No. 94-12, 89-134, 89-70, 88-86.
We must therefore determine whether the appraiser directives adopted by the director of property valuation fit the criteria listed above.
On November 3, 1992, the director adopted directive no. 92-001 to rescind "all prior directives, memorandum and written or oral instructions issued by any Director of Property Valuation on appraisal processes . . . except for directives issued pursuant to a PVD audit since January 1, 1991." Subsequent to this rescission, the director has adopted a series of new directives numbered 92-002 through 92-026. Each directive sets forth a standard or statement of policy regarding property appraisal. See K.S.A. 1993 Supp. 79-505. Some of these directives were issued to all county appraisers, county commissioners and county clerks, some to different combinations of appraisers, commissioners, clerks, hearing officers and registers of deeds, and some to just the appraisers. Thus they are all of general application to the specified county officials. They apparently are intended to have the force and effect of law. However, some of the directives are merely instructions regarding use of the KSCAMA system, many simply restate statutory provisions, while others actually interpret and administer legislation. Those that are merely instructional or that restate statutory provisions do not meet the fourth criterion for being considered a rule and regulation under the filing act. Conversely, the directives that interpret or implement legislation appear to meet all of the criteria. For this latter category, we must now determine whether any exceptions to the filing act apply.
K.S.A. 1993 Supp. 77-415(4) lists several exceptions to the definition of a rule and regulation. We do not believe any of these exceptions apply to the directives in question in part because these directives will affect the interests of private property owners, are directed to a general class of persons (county officials) are not supported by underlying properly filed rules and regulations or statutes, and are more than merely informational in nature. Other exceptions apply only to specific subjects not relevant here. This, however, does not conclude our analysis of whether the directives are excepted from the requirements of the filing act.
K.S.A. 1993 Supp. 79-505 directs the director of property valuation to adopt "rules and regulations or appraiser directives" to prescribe appropriate standards for the performance of appraisals. (Emphasis added). This language indicates legislative acknowledgement that rules and regulations are not the same as directives and the intent to give the director an option to use appraisal directives in lieu of rules and regulations when establishing appraisal standards. See Attorney General Opinions No. 81-115 and 8-234 for examples of other instances when the legislature conferred binding administrative authority outside the filing act requirements. Further, other statutes, Kansas case law and Attorney General Opinions emphasize "the depth, extent or breadth of the Director's powers." State, ex rel., Stephan v. Kansas Department ofRevenue, 253 Kan. 412, 415 (1993). The trial court in this case went so far as to conclude that, "with regard to their taxation functions, [county commissioners and county appraisers] were `ministerial agents of the state.'" Id. at 416. See, e.g. McManaman v. Board of County Comm'rs,205 Kan. 118, 126, 127 (1970) ("the legislature saw fit to vest ultimate supervisory responsibility for the administration of the assessment and tax laws of the state squarely on the Director of Property Valuation with attending enforcement power and authority"); Garvey Grain, Inc. v.MacDonald, 203 Kan. 1, 12 (1969) ("[t]he director of property valuation is an administrative official and his decisions in all matters within the scope of his supervisory power, involving administrative judgment and discretion, are conclusive upon subordinate taxing officials. In the exercise of his powers, the director must of necessity interpret the tax laws and such interpretations are prima facie binding"); K.S.A. 79-1401; 79-1403; 79-1404 First, Second, Third; 79-1456 (county appraisers "shall follow the policies, procedures, and guidelines of the director of property valuation in the performance of the duties of the office of county appraiser"); Attorney General Opinions No. 92-13, 91-136, 91-134. As interpreted by the Kansas Supreme Court and prior Attorney General Opinions, the above-cited statutes, and others not listed, clothe the director of property valuation with the power to enforce his directives, guidelines and policies against county taxing officials. There is no mention in the statutes or court decisions of the need to meet filing act requirements for this power to exist. Thus, it has not been deemed necessary to comply with the filing act in order to bestow on these directives the force and effect of law. (Generally "rules and regulations" as defined in the filing act have no force and effect unless promulgated pursuant to the provisions of the filing act. K.S.A. 77-425;Bruns, supra; Attorney General Opinions No. 94-12, 91-18, 89-114, 89-70, 82-119. However, the legislature may bestow the force and effect of law on "rules and regulations," "directives," "policies" or other administrative statements as desired, even absent filing act requirements, as long as no unlawful delegation of legislative authority is involved.) While a specific exemption from the filing act would added clarity, we believe the authorities, viewed together, demand the same result: While some directives adopted by the director of property valuation to prescribe appraisal standards meet the definition of rules and regulations under the filing act, promulgation pursuant to the filing act is not necessary to give such directives the force and effect of law when applied to county taxing officials.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm